IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DEBRA K. NEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4059-JAR |
| | ) | |
| CITY OF HOISINGTON, KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the court upon defendants' motion to compel (Doc. 18), seeking an order compelling plaintiff to respond to defendants' request for production, supplement her answer to defendants' Interrogatory No. 26, provide Fed. R. Civ. P. 26(a)(1) initial disclosures, and execute authorizations for release of medical and employment records. Plaintiff has filed a response wherein she does not contest the propriety of the items requested by defendants' motion or contest defendants' certification of efforts to confer prior to the filing of the instant motion. Instead, plaintiff attributes the failure to provide the requested discovery to her counsel's involvement in other matters and represents to the court that the requested discovery has now been provided to defendant. In light of plaintiff's apparent acquiescence to defendants' motion, the court sees no need to await any reply from defendants and is now prepared to rule.

As plaintiff does not contest the issue of the propriety of the discovery sought by defendants' motion to compel, the court finds that defendants' motion should be granted and that plaintiff should provide

defendant, on or before January 6, 2006, with any of the discovery sought by their motion that remains outstanding.

Defendants also seek an award of reasonable attorney's fees and expenses incurred in filing the instant motion to compel. Fed. R. Civ. P. 37(a)(4) provides that if a motion to compel is granted, the court shall:

> after affording an opportunity to be heard, require the party. . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.[1]

Plaintiff failed to respond to defendants' discovery requests, even after defendants' good faith efforts to obtain responses without seeking a court order. Furthermore, plaintiff has provided no justification for the failure to provide the requested discovery beyond her counsel's involvement in other matters. This is not an adequate justification for failure to comply with the court's scheduling order and the Federal Rules of Civil Procedure. Accordingly, the court will order the parties to confer, on or before January 6, 2006, in an effort to resolve the issue of fees to be paid to defendants by plaintiff or plaintiff's counsel as their reasonable fees and expenses incurred in filing the instant motion to compel. If the parties are unsuccessful in resolving the issue without court intervention by that date, then plaintiff will be directed to show cause to the court, by January 13, 2006, why sanctions should not be imposed for her failure to provide the requested discovery.

---

[1] Fed. R. Civ. P. 37(a)(4).

**IT IS THEREFORE ORDERED** :

1.  That the defendants' motion to compel (Doc. 18) is hereby granted.

2.  That plaintiff shall, on or before **January 6, 2006**, provide to defendants' any of the discovery items sought by their motion to compel, including but not limited responses to defendants' request for production, a supplemental answer to defendants' Interrogatory No. 26, Fed. R. Civ. P. 26(a)(1) initial disclosures, and executed authorizations for release of medical and employment records, that have not been previously provided since the filing of defendants' motion to compel.

3.  That, on or before **January 6, 2006**, the parties shall confer in an effort to resolve the issue of fees to be paid to defendants by plaintiff or plaintiff's counsel as their reasonable fees and expenses incurred in filing the instant motion to compel.

4.  That, should the parties not reach an agreement on the issue of defendants' reasonable fees and expenses in accordance with item 3 above, plaintiff shall, on or before **January 13, 2006, SHOW CAUSE** to the court, in writing, why she or her counsel should not be taxed with defendants' reasonable attorney's fees and expenses in filing the instant motion to compel as a sanction for her failure to provide the requested discovery. Defendants' counsel is directed to submit an affidavit to the court, providing a verified accounting of defendants' fees and expenses related to filing the instant motion, by the same date.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2005, at Topeka, Kansas.


s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

3