## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA K. NEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4059-JAR |
| | ) |
| CITY OF HOISINGTON, KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER GRANTING MOTION TO COMPEL AND
### AMENDED SCHEDULING ORDER

On February 3, 2006, the court conducted a status conference with the parties by telephone.[1] Plaintiff appeared through counsel, David O. Alegria. Defendants appeared through counsel, Allen G. Glendenning.

During the conference, the court heard from the parties with respect to defendants' second motion to compel and for sanctions (Doc. 38). The parties agree that the discovery sought by defendants' motion has been satisfied with the exception of plaintiff's response to defendants' Request for Production No. 4, plaintiff's income tax returns for the last five years.

Defendants contend, and plaintiff does not contest, that plaintiff has only provided incomplete or partial tax return information in response to this request. Defendants further

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

contend that the tax return information requested is relevant to the issues of the mitigation of plaintiff's damages, as well as to the issues of work that may have been performed by plaintiff during a time when she was on FMLA leave from her employment with defendants.

Plaintiff's counsel reports to the court that plaintiff filed joint tax returns with her husband for the years in question and that plaintiff has, thus far, resisted production of the requested tax return information because she does not consider the information to be relevant beyond the portions already provided.

Fed. R. Civ. P. 34 specifies the requirements for requests for production. Fed. R. Civ. P. 34(a) addresses the scope of such requests and provides in relevant part:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . .[2]

Unless otherwise ordered by the court or stipulated by the parties, "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request."[3] This response must state whether the party receiving the request agrees or objects to production of the

---

[2] Fed. R. Civ. P. 34(a).

[3] Fed. R. Civ. P. 34(b).

requested items and, in the event the party objects, the reasons for any such objection.[4]   "The party submitting the request may move for an order [compelling production] under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or failure to permit inspection as requested."[5]  The decision to grant a motion to compel is a matter of discretion for the court.[6]

Plaintiff has resisted production of her complete income tax returns on the basis of relevancy. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[7]  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[8]

In addition to the general relevancy standard, courts do not favor compelled production of tax returns, and such information is only discoverable when relevant to the subject matter of the action.[9]  "The party seeking production has the burden of showing relevancy, and once that burden is met, the

---

[4] *Id.*

[5] *Id.*

[6] *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986).

[7] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[8] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[9] *Hilt v. SFC INC.*, 170 F.R.D. 182, 189 (D. Kan. 1997).

burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[10]

After consideration of the parties' arguments, both in defendants' motion and memorandum in support, and as presented during the February 3, 2006-status conference, the court finds that defendants have demonstrated that the tax return information sought is relevant to the subject matter of the action, in that is reasonably calculated to lead to the discovery of admissible evidence. Additionally, the court finds that plaintiff has not preserved any valid objection to defendants' request, or met her burden of establishing that the information sought is readily obtainable from other sources. As such, the court hereby grants defendants' motion to compel and orders production of plaintiff's complete tax returns for the last five years, tax years 200, 2001, 2002, 2003, and 2004, including all schedules, forms, and other supporting documentation submitted with those returns at the time of their filing, to defendants on or before **February 13, 2006**. Defendants are hereby ordered to notify the court, in writing, copied to plaintiff's counsel, should plaintiff fail to provide these tax returns in compliance with this order. In the event plaintiff fails to comply with this order by producing her complete tax returns for the last five years to defendants by February 13, 2006, the court will enter an order at that time requiring her to show cause to the trial judge, to whom this matter is assigned, U.S. District Judge Julie A. Robinson, why this case should not be dismissed as a sanction for her failure to comply with the court's order regarding this issue.

---

[10] *Id.* (citing *Auditext Communications Network, Inc. v. US Telecom, Inc.*, No. Civ. A. 94-2395-GTV, 1995 WL 625962, at *11 (D. Kan. October 5, 1995) (citations omitted)).

With the decision of the tax return issue and the parties' announcement that none of the other discovery issues remain outstanding at this time, the only remaining issue to be determined with regard to defendants' motion is the issue of sanctions for plaintiff's prior nondisclosure. During the February 3, 2006-status conference, defendants stated that they would waive their request for monetary or other sanctions in light of plaintiff's acquiescence to their request for additional time to complete discovery. Plaintiff is in agreement with this arrangement and joins defendants' request for extension of the discovery and related deadlines in this matter. The court finds that there is good cause to support such an extension and now enters this amended scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
| --- | --- |
| Event | Deadline/Setting |
| All discovery completed | June 14, 2006 |
| Experts disclosed by defendants | May 15, 2006 |
| Independent medical examinations | May 1, 2006 |
| Supplementation of disclosures | May 5, 2006 |
| All other potentially dispositive motions (e.g., summary judgment) | July 14, 2006 |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| Final pretrial conference | June 30, 2006, 9:30 a.m. |
| Proposed pretrial order due | June 23, 2006 |
| Trial | March 13, 2007, 9:00 a.m. |

**1.    Discovery.**

      a.    The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have also exchanged copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures without any need for formal requests for production.  The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," as made clear by the advisory committee notes to the 2000 amendments to that rule, this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party.  In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

      b.    All discovery shall be commenced or served in time to be completed by **June 14, 2006**.

      c.    The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

      d.      No party shall serve more than **50** interrogatories, including all discrete subparts, to any other party. Defendants shall be treated collectively as a single party for purposes of interrogatories.

      e.      There shall be no more than **15** depositions by plaintiff and **15** by defendants collectively.

      f.      Each deposition shall be limited to **4** hours, except for the deposition(s) of plaintiff, named defendants, and/or defendants' decision-maker(s), which shall be limited to **8** hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/attorney/depoguidelines.pdf).*

      g.      Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, were served by plaintiff on December 16, 2005, and shall be served by defendants by **May 15, 2006**. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall

confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

      h.      The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 may be appropriate in this case and shall complete all such examinations by **May 1, 2006**. If the parties disagree about the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

      i.      Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **May 5, 2006**, 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular

deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      j.     At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A), (B) & (C). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      k.     On October 17, 2005, the court entered an agreed protective order to govern discovery in this case (Doc. 13).

      l.     To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**2.      Motions.**

a.      All potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **July 14, 2006**.

b.      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **28 days before trial**. However, if such a motion as a practical matter will be case-dispositive, or if an evidentiary hearing on the motion is reasonably anticipated, then such a motion shall be filed in accordance with the dispositive motion deadline stated above.

c.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**3.      Other Matters.**

a.      The parties agree that principles of comparative fault do not apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **June 30, 2006, at 9:30 a.m.**, in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than **June 23, 2006**, defendants shall submit the parties' proposed

pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

      c.      The parties expect the trial of this case to take approximately **5** trial days.  This case is set for trial on the court's docket beginning on **March 13, 2007, at 9:00 a.m.**  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

      d.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

      e.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

All applicable deadlines, settings, and specifications contained in any prior order entered in this case shall remain in effect except to the extent specifically addressed herein.

This amended scheduling order shall not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2006, at Topeka, Kansas.

<u>s/K. Gary Sebelius</u>
K. Gary Sebelius
U. S. Magistrate Judge